1
2
3
4
5
6
7
8                         UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11    STEVEN R.G. CANDLER,                    No.  1:25-cv-01409-SAB (PC)

12                  Plaintiff,                ORDER TO SHOW CAUSE WHY ACTION
                                              SHOULD NOT BE DISMISSED AS
13          v.                                DUPLICATIVE OF CASE NO. 1:24-cv-00301-
                                              KES-SAB (PC)
14    ABRAM CARO,
                                              (ECF No. 1)
15                  Defendant.

16

17          Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42

18    U.S.C. § 1983.

19          Currently before the Court is Plaintiff's complaint, filed October 22, 2025.

20                                           **I.**

21                              **SCREENING REQUIREMENT**

22          The Court is required to screen complaints brought by prisoners seeking relief against a

23    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24    Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25    "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

26    "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

27    1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

28

                                              1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.**

**COMPLAINT ALLEGATIONS**

Plaintiff brings a failure to protect claim against Defendant Abram Caro. Defendant Abram Caro was the bailiff in the courtroom on the day that Plaintiff was being sentenced in state court. It was the first time Plaintiff observed officer Caro working as the bailiff. Caro placed Plaintiff into a holding cell that had four general population inmates in it. However, Plaintiff was supposed to be placed in protective custody. Caro failed to label the door reflecting Plaintiff's classification requirement. Plaintiff was subsequently attacked by inmates while in the holding cell.

///

///

///

### III.

### DISCUSSION

The Prison Litigation Reform Act of 1995 (PLRA) requires courts to screen prisoner complaints and dismiss those that are frivolous or malicious, which encompasses duplicative cases where a complaint merely repeats pending or previously litigated claims. See 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B)(i); Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing earlier version of § 1915(e)); see also Denton v. Hernandez, 504 U.S. 25, 30 (1992) (recognizing Congress's concern regarding IFP litigants "filing frivolous, malicious, or repetitive lawsuits") (emphasis added). "To determine whether a suit is duplicative, we borrow from the test for claim preclusion." Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977)), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008). " '[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit.' " Id. (second alteration in original) (quoting The Haytian Republic, 154 U.S. 118, 124 (1894)).

"Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties ... to the action, are the same." Adams, 487 F.3d at 689; see also Serlin v. Arthur Anderson & Co., 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks omitted)). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams, 487 F.3d at 688.

Upon review of the allegations in the complaint, it appears that Plaintiff's claim is duplicative of an earlier lawsuit filed on March 12, 2024, Candler v. Caro, Case No. 1:24-cv-00301-KES-SAB (PC). In both cases Plaintiff alleges that Bailiff Caro failed to protect him physical injury by other inmates by improperly placing him in the general population and not protective custody. The Court notes that Plaintiff sues the same Defendant, alleges the same facts

3

and complaints, and seeks compensatory damages.[1]  Accordingly, the Court will order Plaintiff to show cause why this case should not be dismissed as duplicative.  See Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1055 (9th Cir. 2005) (noting that a court should give notice and an opportunity to respond before dismissing a case on claim preclusion grounds).

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, the Court finds that this case appears to be duplicative of Plaintiff's prior case because the claims, parties, and requested relief do not significantly differ between the two actions.

Accordingly, it is it is HEREBY ORDERED that:

1.   Plaintiff shall show cause why this action should not be dismissed as duplicative within **fourteen (14)** days of the date of service of this order;

2.   Alternatively, Plaintiff is advised that he may file a notice stating that he wishes to voluntarily dismiss this case under Federal Rule of Civil Procedure 41(a)(1)(A)(i); and

3.   Failure to comply with this order will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   **October 29, 2025**

STANLEY A. BOONE
United States Magistrate Judge

---

[1] In Case No. 1:24-cv-00301-KES-SAB (PC), Plaintiff filed a second amended complaint on June 7, 2024,(ECF No. 36), which was dismissed for failure to state a cognizable claim for relief on August 6, 2025, (ECF No. 20).

4