UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN R.G. CANDLER,<br><br>    Plaintiff,<br><br>    v.<br><br>ABRAM CARO,<br><br>    Defendant. | No. 1:25-cv-01409-JLT-SAB (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS ISSUED ON NOVEMBER 18, 2025<br><br>(ECF No. 14)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION AS DUPLICATIVE OF CASE NO. 1:24-CV-00301-KES-SAB (PC) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

**I.**

**BACKGROUND**

Plaintiff filed the instant action on October 22, 2025. (ECF No. 1.) On October 29, 2025, the Court ordered Plaintiff to show cause why the action should not be dismissed as duplicative of Candler v. Caro, Case No. 1:24-cv-00301-KES-SAB (PC). (ECF No. 8.)

Plaintiff filed a response on November 17, 2025. (ECF No. 12.) Plaintiff submits that he intended to file his complaint in the California Supreme Court and requests that the Court redirect

1

the complaint to that Court. (Id.) On the operative complaint form, Plaintiff states that jurisdiction is pursuant to the "California Supreme Court, 350 McAllister St. San Francisco, CA 94102." (ECF No. 1 at 1.)

Based on Plaintiff's response, the Court found that it was clear Plaintiff intended to file the instant complaint in the California Supreme Court. Therefore, on November 18, 2025, the Court issued Findings and Recommendations recommending Plaintiff's response be construed as a request for voluntary dismiss and the action be dismissed. (ECF No. 14.)

On this same date, Plaintiff filed a motion for immediate release. (ECF No. 13.) Therein, as much as the Court can decipher, Plaintiff appears to seek immediate release based on a plea deal in 2016 and defense counsel's incompetence. (ECF No. 13.)

On November 24, 2025, Plaintiff filed a motion to compel seeking photographs of the attack which took place at the Visalia courthouse. (ECF No. 15.)

On December 1, 2025, Plaintiff filed objections to the Findings and Recommendations. (ECF No. 16.) Plaintiff requests that the Court compel photographs be turned over and his case not be dismissed. (Id.)

Based on Plaintiff's most recent filings, it now appears that he does not wish to dismiss this action. However, Plaintiff has not responded to the Court's order to show cause as to why this action should not be dismissed as duplicative of case no. 1:24-cv-00301-KES-SAB (PC), despite having ample opportunity to do so. Accordingly, this action should be dismissed as duplicative.

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

1          A complaint must contain "a short and plain statement of the claim showing that the
2   pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
3   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
4   conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell
5   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate
6   that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v.
7   Williams, 297 F.3d 930, 934 (9th Cir. 2002).

8          Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings
9   liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d
10  1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be
11  facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer
12  that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss
13  v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant
14  has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's
15  liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d
16  at 969.

### III.
### COMPLAINT ALLEGATIONS

19         Plaintiff brings a failure to protect claim against Defendant Abram Caro. Defendant
20  Abram Caro was the bailiff in the courtroom on the day that Plaintiff was being sentenced in state
21  court. It was the first time Plaintiff observed officer Caro working as the bailiff. Caro placed
22  Plaintiff into a holding cell that had four general population inmates in it. However, Plaintiff was
23  supposed to be placed in protective custody. Caro failed to label the door reflecting Plaintiff's
24  classification requirement. Plaintiff was subsequently attacked by inmates while in the holding
25  cell.
26  ///
27  ///
28  ///

**IV.**

**DISCUSSION**

The Prison Litigation Reform Act of 1995 (PLRA) requires courts to screen prisoner complaints and dismiss those that are frivolous or malicious, which encompasses duplicative cases where a complaint merely repeats pending or previously litigated claims. See 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B)(i); Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing earlier version of § 1915(e)); see also Denton v. Hernandez, 504 U.S. 25, 30 (1992) (recognizing Congress's concern regarding IFP litigants "filing frivolous, malicious, or repetitive lawsuits") (emphasis added). "To determine whether a suit is duplicative, we borrow from the test for claim preclusion." Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977)), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008). " '[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit.' " Id. (second alteration in original) (quoting The Haytian Republic, 154 U.S. 118, 124 (1894)).

"Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties ... to the action, are the same." Adams, 487 F.3d at 689; see also Serlin v. Arthur Anderson & Co., 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks omitted)). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams, 487 F.3d at 688.

Upon review of the allegations in the complaint, Plaintiff's claim is duplicative of an earlier lawsuit filed on March 12, 2024, Candler v. Caro, Case No. 1:24-cv-00301-KES-SAB (PC). In both cases Plaintiff alleges that Bailiff Caro failed to protect him physical injury by other inmates by improperly placing him in the general population and not protective custody. The Court notes that Plaintiff sues the same Defendant, alleges the same facts and complaints,

4

and seeks compensatory damages.[1]  Accordingly, the instant action should be dismissed as duplicative.

## V.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Court's Findings and Recommendations issued on November 18, 2025, (ECF No. 14) are VACATED.

Further, it is HEREBY RECOMMENDED that this action be dismissed as duplicative of Case No. 1:24-cv-00301-KES-SAB (PC).

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 15, 2025**

STANLEY A. BOONE
United States Magistrate Judge

---

[1] Case No. 1:24-cv-00301-KES-SAB (PC) was dismissed for failure to state a cognizable claim for relief on August 6, 2025, and judgment was entered.  (ECF Nos. 20, 21).